934 So.2d 790 (2006)
Joann LEBOEUF and Evans J. Leboeuf, Sr.
v.
WAL-MART STORES, INC. and Claims Management, Inc.
No. 2004 CA 2260.
Court of Appeal of Louisiana, First Circuit.
April 5, 2006.
*791 Aub A. Ward, Baton Rouge, for PlaintiffsAppellants Joann Leboeuf and Evans J. Leboeuf, Sr.
F. Scott Kaiser, Annette N. Peltier, Baton Rouge, for DefendantsAppellees Wal-Mart Stores, Inc. and Claims Management, Inc.
*792 Before: WHIPPLE, GAIDRY, McDONALD, McCLENDON, and WELCH, JJ.
WELCH, J.
This is an appeal by the plaintiffs, Joann LeBoeuf and Evans J. LeBoeuf, Sr., from a trial court judgment sustaining a peremptory exception raising the objection of no cause of action. For reasons that follow, we affirm in part and reverse in part, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Joann LeBoeuf, filed this tort action alleging that, while employed by the defendant, Wal-Mart Stores, Inc., and working at the Wal-Mart store in Mathews, Louisiana, on July 22, 2003, she suffered injuries, including the rupture of her Achilles tendon. Claims Management, Inc. (CMI) was also named defendant as the duly authorized workers' compensation administrator for Wal-Mart. Mrs. Le-Boeuf's husband, Evans LeBoeuf, joined as a plaintiff asserting the loss of society and assistance of his wife. The plaintiffs alleged that the defendants' failure and refusal to authorize a medically necessary MRI for an excessive period of time, resulted in a worsening of Mrs. LeBoeuf's injury to such a degree that the earlier recommended surgical intervention was no longer a viable option. The plaintiffs further alleged that they sustained damages, which were a direct result of the negligence and wanton disregard of the defendants, thus rendering the defendants liable for said damages.
The defendants responded to the plaintiffs' suit by filing a peremptory exception raising the objection of no cause of action, wherein they contended that Mrs. Le-Boeuf's exclusive remedy was under the Louisiana Workers' Compensation Act ("the Act"), and that as Mrs. LeBoeuf's employer, they were immune from a tort action. See La. R.S. 23:1032. Following a hearing on the matter, the trial court rendered judgment sustaining the peremptory exception raising the objection of no cause of action. A written judgment to this effect was signed on May 4, 2004, which judgment also dismissed the plaintiffs' suit with prejudice. It is from this judgment that the plaintiffs now appeal.

ASSIGNMENT OF ERRORS
On appeal, the plaintiffs contend: (1) that the trial court erred in determining that the plaintiffs' petition did not state a cause of action; (2) that the trial court erred in finding that the plaintiffs' exclusive remedy was under the Louisiana Workers' Compensation Act; and (3) that the trial court erred in failing to allow the plaintiffs the opportunity to amend their petition to state a cause of action in accordance with La. C.C.P. art. 934.

LAW AND DISCUSSION

No Cause of Action
The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); Rebardi v. Crewboats, Inc., XXXX-XXXX (La.App. 1st Cir.2/11/05), 906 So.2d 455, 457. Generally, no evidence may be introduced to support or controvert the exception raising the objection of no cause of action. La. C.C.P. art. 931. In addition, all facts pled in the petition must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Accordingly, the only issue at the trial of the exception is whether, on the *793 face of the petition, the plaintiff is legally entitled to the relief sought. Thus, if a petition alleges sufficient facts to establish a case cognizable in law, the exception raising the objection of no cause of action must fail. Livaccari v. Alden Engineering, Inc., XXXX-XXXX (La. App. 1st Cir.12/1/00), 808 So.2d 383, 388; Rebardi, 906 So.2d at 457.
Appellate courts review a judgment sustaining a peremptory exception raising the objection of no cause of action de novo. Rebardi, 906 So.2d at 457. This is because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. B & C Elec., Inc. v. East Baton Rouge Parish School Bd., XXXX-XXXX (La.App. 1st Cir.5/9/03), 849 So.2d 616, 619. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934. This applies to any objection raised by the peremptory exception, including no cause of action. Brister v. GEICO Ins., XXXX-XXXX (La.App. 1st Cir.3/28/02), 813 So.2d 614, 616-17.

The Louisiana Workers' Compensation Act
The Act provides that an employer is liable for compensation benefits and necessary medical expenses to an employee who suffers personal injury in a work-related accident. La. R.S. 23:1031. Louisiana Revised Statute 23:1032 provides that, except for intentional acts, workers' compensation is the exclusive remedy for such injuries. The Act also contains a provision for penalties and attorney fees as an exclusive remedy for an employer's misconduct in administering compensation claims, including the failure to timely authorize and pay for medically necessary treatment. La. R.S. 23:1201.
In this tort suit, the defendants, through their peremptory exception raising the objection of no cause of action, have asserted the exclusivity provisions of the Act. Citing Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, and Kelly v. CNA Ins. Co., 98-0454 (La.3/12/99), 729 So.2d 1033, the defendants specifically aver that controlling jurisprudence bars a tort action against an employer where an employee alleges a delay in medical treatment for a non-life-threatening injury.
In Weber, the Louisiana Supreme Court created a "narrow exception" to the Act, holding that an employee may have a cause of action in tort against his employer where the intentional denial of medical care results in the death of the employee.[1] Therein, the court stated:
We hold that the State's alleged conduct in intentionally and arbitrarily denying necessary medical expenses, if proved, may result in liability for damages beyond the remedies provided in the Workers' Compensation Act, when the conduct and the resulting injury does not occur in the course of employment and only marginally arises out of employment, and when the employer knew to a substantial certainty the denial *794 would cause death that would not otherwise have occurred. This is a narrow exception to the general rule that penalties and attorney's fees are the exclusive remedy for the employer's misconduct in handling the administration of compensation claims. The exception applies only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow.
Weber, 635 So.2d at 193-94. (Footnote omitted). Justice Kimball concurred in the result stating that in her view, the Act itself creates the applicable exception by the "intentional act" exclusion found in La. R.S. 23:1032. In her concurring opinion, she stated that where an act is arbitrary and capricious and intentional, such as the behavior by the State in Weber, then the "intentional act" exclusion applies and the exclusive remedy rule is inapplicable. Weber, 635 So.2d at 194-95 (concurring opinion).
The plaintiffs contend the exception enunciated in Weber is not limited to cases where the employee dies, but rather, they contend that only a "significant worsening" must be shown. The plaintiffs argument in this regard is premised on the significant language found in Weber at footnote nine, which provides as follows:
We reserve for another day the decision on whether the exception would apply if the employer arbitrarily denies payment of necessary medical expenses despite knowledge that a significant worsening of the employee's condition is substantially certain to follow the denial.
Weber, 635 So.2d at 194 n. 9.
Defendants counter that five years later, the Louisiana Supreme Court in Kelly revisited the issue in a non-death case and affirmed the dismissal of an employee's tort action holding that the employee was limited to recovery under the Act. The court in Kelly stated:
Comparing the facts of Weber to those of the case sub judice, we find that the Workers' Compensation Act provides the exclusive remedy to plaintiff for the injuries she incurred. Carpal tunnel syndrome, by its very nature, is not life threatening. The employer's arbitrary denial or delay of medical treatment would not result in death or a significant worsening of the employee's condition. Although the court of appeal remanded the case to allow plaintiff the opportunity to amend her pleadings, there is no way that she can amend the petition to state a cause of action. The exclusivity provision of the Workers' Compensation Act is clear: the rights and remedies provided under the Act "shall be exclusive of all other rights, remedies, and claims for damages . . . ." La.Rev.Stat. Ann. 23:1032(A)(1)(b). In Weber, we created an exception, in part, because the decedent died before he could seek judicial intervention for the defendant's refusal to pay for his medical treatment. OWC's new procedural structure adequately provides for immediate recourse for an employer's refusal to pay medical benefits. Ms. Kelly has availed herself of such recourse, and she has sought and received a remedy in workers' compensation. In addition to compensation benefits, she has been awarded penalties and attorney's fees provided for under the Act.
The "narrow exception" arrived at in Weber, resulted from intentional conduct on the part of an employer for refusing to pay for medical treatment, knowing that without such treatment, the decedent's condition was terminal. Unlike the decedent in Weber, Ms. Kelly's physical injuries were far from life-threatening. Under the facts of this case, the trial court properly granted the exception *795 of no cause of action. Accordingly, we reverse the court of appeal's judgment and reinstate the decision rendered by the trial court, granting the exception of no cause of action and dismissing plaintiff's demands with prejudice.
Kelly, 729 So.2d at 1038-39.[2]
According to the defendants, the court in Kelly refused to extend the exception beyond a life-threatening refusal to provide medical care. Plaintiffs submit, however, that the Kelly case does not foreclose a cause of action based on a less-than-life-threatening injury and assert that a fact-specific inquiry is necessary. Plaintiffs recognize that the court in Kelly stated that "[t]he employer's arbitrary denial or delay of medical treatment would not result in death or a significant worsening of the employee's condition." Kelly, 729 So.2d at 1038-39. Nevertheless, plaintiffs contend that the use of this language reveals the intent of the supreme court to keep the Weber remedy available to workers' compensation claimants who have been arbitrarily and capriciously denied medical benefits and who experience a significant worsening of their condition because of the denial. In support thereof, plaintiffs refer to Justice Lemmon's concurring opinion in Kelly, wherein he stated:
The majority fails to decide the issue that we granted certiorari to decide whether an employee can ever, under any circumstances, state a cause of action in tort against his or her employer whose intentional and arbitrary denial of medical benefits causes the employee's disabling condition to undergo foreseeable disastrous worsening to a level something less than death. The majority opinion merely repeats the decision of the court of appeal that this plaintiff did not state a cause of action in her original petition. For largely unstated reasons, the majority then reverses the judgment of the court of appeal on the sole point of differencewhether plaintiff should have been allowed the opportunity to amend her petition.
Kelly, 729 So.2d at 1039 (concurring opinion).
We recognize that the question of whether Kelly forecloses a cause of action against an employer who knows to a substantial certainty that his intentional and/or arbitrary denial or delay of medical treatment or to pay necessary medical expenses will result in a significant worsening of the employee's condition remains unanswered. However, we find that we have not been presented with such a situation in this case based on the facts alleged in the plaintiffs' petition.
The plaintiffs allege the following in their petition:
4.
On or about July 22, 2003, petitioner Joann LeBoeuf suffered injury during the course and scope of her employment with Wal-Mart Stores, Inc.
5.
The petitioner's injury included a rupture of her left Achilles Tendon and such other injury as may be proven at trial. *796 The rupture of the Achilles Tendon required surgery.
6.
The defendants initially undertook responsibility for medical care of the petitioner[,] pursuant to the Louisiana Workers Compensation Act and/or other applicable law.
7.
It became necessary in the opinion of petitioner's physicians that she undergo a[n] MRI of her leg. The test was both medically indicated and necessary to determine the extent of the injury and the medical care needed to adequately treat the petitioner.
8.
Despite having knowledge of the necessity of a[n] MRI, [d]efendants nevertheless delayed, failed, and/or refused to authorize the MRI for an excessive period of time.
9.
Petitioner was otherwise unable to obtain or pay for an MRI on her own resources.
10.
As a result of the defendants' delay and by the time a[n] MRI was conducted, it was too late for surgery to be of any medical benefit to the petitioner. Accordingly, petitioner has suffered, and will continue to suffer, damages including permanent and irreparable injury to her Achilles Tendon, permanent disability, mental and physical pain and suffering, loss of income and wage earning ability, and other damages to be shown at trial.
11.
The aforementioned damages were suffered by petitioner as a direct result of the negligence and/or wanton disregard of the defendants in the following non-exclusive particulars:
(A) Failure, refusal and delay of providing petitioner with needed medical testing;
(B) Failure, refusal and delay of complying with a duty of care undertaken by defendants in favor of petitioner;
(C) Negligent disregard of petitioner's medical condition causing permanent damages; and,
(D) Other acts of negligence and liability to be shown at trial.
Considering these alleged facts, and accepting them as true, while the effect of the injury to Mrs. Leboeuf's Achilles tendon was clearly made worse by the failure, refusal or delay of her employer in authorizing the MRI, we find that these allegations fail to state a cause of action against Mrs. Leboeuf's employer, as they allege neither an intentional act nor an act rising to the level of a cause of action under the "narrow exception" to the exclusivity provision of the Act under the Weber and Kelly. Accordingly, we hereby affirm that part of the May 4, 2004 judgment of the trial court which sustained the defendants' peremptory exception raising the objection of no cause of action.
However, La. C.C.P. art. 934 mandates that when the grounds pleaded by the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order amendment of the petition within a delay set out by the court. We find that the grounds for the peremptory exception raising the objection of no cause of action *797 can be removed by amendment to the plaintiffs' petition. Therefore, we hereby reverse that part of the May 4, 2004 judgment of the trial court that dismissed the plaintiffs' suit. Further, we remand this matter to the trial court with instructions that the trial court issue an order to the plaintiffs to amend their petition to state a cause of action against the defendants within a reasonable time delay pursuant to La. C.C.P. art. 934 and consistent with the views expressed herein. See Livaccari, 808 So.2d at 394.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed in part, reversed in part, and remanded with instructions.
All costs of this appeal are assessed to the defendants/appellees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
McDONALD, J., dissents and assigns reasons.
McCLENDON, J., concurs in part and dissents in part and assigns reasons.
McDONALD, J. Dissenting.
I respectfully dissent and do not believe these facts require the result reached by the majority. Ms. LeBoeuf suffered a work related injury on July 22, 2003. She was seen by Dr. Cenac who scheduled an MRI for July 28, 2003. Claims Management, Inc. (CMI), the compensation administrator for Wal-Mart, cancelled this MRI on July 25. It was later rescheduled by Dr. Cenac for August 18, but was not approved until August 25 and at a different facility. LeBeouf claims that the surgery recommended by Dr. Cenac was no longer viable at that time because of the delay in obtaining the MRI. She never sought any assistance under the Workmen's Compensation Act, but chose instead to file suit. Her suit claims the delays in approving the medical procedure resulted in permanent damage to her Achilles tendon.
However, the Workers' Compensation Act provides a remedy for her that she failed to pursue. The Act gives the WCJ the authority to order whatever treatment is necessary and to enforce this order. The judge also has continuing power and authority over the case to make any modifications in the judgment that he/she deems appropriate.[1] Additionally, the employee has a right to an expedited appeal. The Act provides:
E. (2) Regardless of whether the judgment rendered by the workers' compensation judge is in favor of the employer or the employee, when the workers' compensation judge has made a specific finding that further delay for surgery[2] would, more likely than not, result in death, permanent disability, or irreparable injury to the claimant, any appeal of the judgment shall be entitled to preference and priority and handled on an expedited basis. In such cases, the record shall be prepared and filed within fifteen days of the granting of the order of appeal. The court of appeal shall hear the case within thirty days after the filing of the appellee's brief. LSA-R.S. 23:1310.5
In his dissent in Kelly, Justice Calogero pointed to the changes made by the 1988 amendments and the employee's rights:

*798 "These changes in the law may have somewhat improved the position of an employee whose employer refuses to pay for necessary medicals, by affording the hearing officer the authority to "order" such treatment. However, they have not solved the problem for the employee whose employer has been ordered by the hearing officer to pay for necessary medical care, and who chooses to appeal that order rather than follow it, with the result for the employee a severe worsening of the medical condition." Kelly, 98-0454 at p. 1, 729 So.2d at 1040.
Thus, the employee has enforceable rights under the act. However, Ms. Le-Boeuf failed to pursue them. Once the MRI's were cancelled, she could have requested a hearing to determine if the employer should pay for the medical treatment. Only then would the question posed by Justice Calogero be before this court. Had she won at the hearing level, she would then have an order from the WCJ ordering Wal-Mart to pay for the MRI. Had they refused to follow the order and appealed, she would be entitled to an expedited appeal if the WCJ found that further delay would result in increased injury to her. If the result of the appeal was a severe worsening of her medical condition, then the facts would squarely fit the situation that concerned Justice Calogero in Kelly. However, in this case there is no order because LeBoeuf never requested a hearing with the WCJ. Her counsel pointed out at the argument that Ms. LeBoeuf was not aware that she could seek redress before the WCJ in her situation. This is extremely unfortunate, particularly in light of her complaint. However, the procedure was available and she failed to pursue it.
The Act is the exclusive remedy for the injured employee unless the employer's action was intentional.[3] The action complained of by Ms. LeBoeuf is covered by the Act. However, the majority seeks to carve out an exception where one does not exist and where the employee does not have an order that the employer has failed to follow. Ms. LeBoeuf failed to follow the dictates of the Act, and instead seeks redress from the courts. Had she won at the WCJ level and her situation was the same, I might find the majority's position to have merit. However, since she failed to seek redress under the provisions provided in the Act, I am reluctant to grant them to her here.
For these reasons, I respectfully dissent.
McCLENDON, J., concurs in part and dissents in part.
The majority has remanded this matter to allow Ms. LeBoeuf the opportunity to amend her petition to allege facts of an intentional tort and facts that would "rise to the level of a cause of action under the `narrow exception' to the exclusivity provision" of the Workers' Compensation Act under Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, and Kelly v. CNA Ins. Co., 98-0454 (La.3/12/99), 729 So.2d 1033. While I concur with the remand to allow an amendment to allege an intentional tort, I disagree with the majority that Ms. LeBoeuf is able to allege a Weber/Kelly cause of action.
The majority in this case has erroneously defined the "narrow exception" established in Weber as occurring "where an employer knows to a substantial certainty that his intentional and/or arbitrary denial or delay of medical treatment or to pay necessary medical expenses will result in death or a significant worsening of the employee's condition." (Emphasis added.) *799 In fact, the Weber exception requires that the act be both intentional and arbitrary. Weber, 93-0062, 635 So.2d at p. 193. It is within this framework that our analysis begins.
The Workers' Compensation Act provides an intentional tort exclusion in LSA-R.S. 23:1032(B), which provides: "Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." The supreme court has held that the words "intentional act" mean the same as "intentional tort" in reference to civil liability. Reeves v. Structural Preservation Systems, 98-1795, p. 5 (La.3/12/99), 731 So.2d 208, 211 (citing Bazley v. Tortorich, 397 So.2d 475, 480 (La.1981)). The word "act" is used to denote an external manifestation of the actor's will which produces consequences. Bazley, 397 So.2d at 481. The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Reeves, 98-1795 at p. 6, 731 So.2d at 211; Bazley, 397 So.2d at 481. In this regard, I find no distinction between the "narrow exception" created in Weber and an intentional tort under the Workers' Compensation Act, other than the additional requirement that the injury rise to a certain level of significance before the "narrow exception" applies.
Further, I find Justice Kimball's reasoning, in her concurrence in Weber, to be persuasive. More specifically, Justice Kimball stated:
The majority achieves the correct result by creating an exception to the general rule that penalties and attorney's fees are the exclusive remedy under the Worker's Compensation Act for an employer's arbitrary denial of benefits. According to the majority, the exception applies when the conduct and the resulting injury does not occur in the course of employment and only marginally arises out of employment, and when the employer knew to a substantial certainty the denial would cause death that would not otherwise have occurred . . . . The exception applies only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow. (Emphasis added.)
In my view, the Act itself creates the applicable exception when it states: "Nothing in this Chapter shall affect the liability of the employer ... resulting from an intentional act." La. R.S. 23:1032 (emphasis added). This "intentional act" exclusion would not apply where an employer arbitrarily and capriciously denies benefits without knowing death or injury is substantially certain to follow because such a denial of benefits does not rise to the level of an "intentional act." However, where an act is arbitrary and capricious and intentional, in that "the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead," Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981), then the "intentional act" exclusion applies and the exclusive remedy rule is inapplicable.
I agree that there is no reason to create an exception where one already exists. By returning to the well-traveled path of the intentional tort exclusion, the confusion created by the Weber and Kelly cases whether an injury needs to be life threatening or merely a significant worsening of *800 the employee's conditionis avoided.[1] The focus in an intentional tort analysis is the act and the intent, rather than the severity of the injury. Thus, I concur with the majority in remanding this matter to give Ms. LeBoeuf the chance to amend her pleadings to allege an intentional tort. However, I dissent insofar as the majority also gives plaintiff the opportunity to amend her pleadings to allege other facts that would fall within the "narrow exception" to the exclusivity provision of the Workers' Compensation Act.
Further, even should our supreme court hold that the exception created in Weber, extends to a non-death case, I do not believe it is possible for Ms. LeBoeuf under the facts of this case to state such a cause of action. Ms. LeBoeuf's torn Achilles tendon, while evidently made worse by the failure, refusal or delay of her employer to authorize the MRI, does not rise to the level of the injury envisioned by Kelly. See Kelly, 98-0454 at p. 8, 729 So.2d at 1038. Thus, regardless of whether the "narrow exception" exists in a non-death case, a remand in this matter as to the exception would be futile.
I further note that under the facts as presently alleged in her petition, and as set forth in greater detail in the dissent of my esteemed colleague, Judge McDonald, LSA-R.S. 23:1201 provides an adequate remedy to Ms. LeBoeuf.[2] This case is clearly the type of situation envisioned by the legislature when it enacted the penalty and attorney fees provisions in the Workers' Compensation Act. See Livaccari v. Alden Engineering, Inc., 00-0856, p. 8 (La. App. 1 Cir. 12/1/00), 808 So.2d 383, 389.
Therefore, I respectfully concur in part and dissent in part.
NOTES
[1] In the Weber case, Weber contracted an occupational disease. When his disease worsened and his physician advised Weber's employer that Weber's condition was terminal without a heart transplant, the employer refused to incur the costs associated with the necessary heart transplant, despite the recommendation of the Office of Workers' Compensation. Weber died before his attorney was able to seek judicial recourse.
[2] Subsequent to the court's decision in Weber, the Louisiana Constitution and the Act were amended to divest the district courts of jurisdiction over claims arising out of the Act and to increase the authority of the Office of Workers' Compensation to resolve disputes and issue orders rather than recommendations regarding the necessity of medical treatment. The Office of Workers' Compensation now has the power to adjudicate claims for medical benefits and to assess penalties and attorney fees when employers refuse to comply with its orders. Kelly, 729 So.2d at 1038.
[1] LSA-R.S. 23:1310.8.
[2] While the statute refers to surgery, a reasonable interpretation would include any medical testing or treatment that would be a prelude to deciding whether surgery was appropriate or not.
[3] La. R.S. 23:1032.
[1] In referring to Ms. Kelly's carpal tunnel syndrome, the supreme court stated: "Carpal tunnel syndrome, by its very nature, is not life threatening. The employer's arbitrary denial or delay of medical treatment would not result in death or a significant worsening of the employee's condition." Kelly, 98-0454 at p. 8, 729 So.2d at 1038-39.
[2] After the supreme court's decision in Weber, the Louisiana Constitution and the Workers' Compensation Act were amended to divest the district courts of jurisdiction over claims arising out of the Workers' Compensation Act and to increase the power of the Office of Workers' Compensation to resolve disputes and issue orders rather than recommendations regarding the necessity of medical treatment. The Office of Workers' Compensation now has the authority to adjudicate claims for medical benefits and to assess penalties and attorney fees when employers refuse to comply with its orders. Kelly, 98-0454 at p. 8, 729 So.2d at 1038.