WELCH, J.
*218 The plaintiff/appellant, Spinks Construction, Inc., appeals a district court judgment sustaining a peremptory exception raising the objection of no cause of action filed by the defendants/appellees, Dale Lancaster, James Richard Lancaster, and Kris Ainsworth. For reasons that follow, we affirm in part, reverse in part, and remand the matter to the district court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
Spinks Construction, Inc. ("Spinks") entered into a subcontract agreement with Quad States Construction, LLC ("Quad States") on June 2, 2008, to furnish labor, materials, equipment, and services in connection with Belvedeere Estates located in Kentwood, Louisiana. Belvedeere Estates was a new construction project of twenty-four single family homes and an office structure. On March 9, 2010, the owner of Belvedeere Estates filed an "Affidavit of Substantial Completion and Termination of Work" in the Tangipahoa Parish mortgage records.
On March 5, 2015, Spinks filed a petition for damages, naming as defendants Quad States, Dale Lancaster, James Richard Lancaster, and Kris Ainsworth. The petition sought recovery of sums allegedly due under the subcontract agreement. Spinks alleged that in reliance of the plans, specifications, estimated quantities, and contract documents provided by Quad States, it submitted a proposal to perform work and provide materials in May of 2008 in accordance with the contract documents. As per the subcontract agreement, Spinks agreed to perform site work for an initial subcontract price of $587,000.00. The petition alleged that a notice to proceed was issued on June 30, 2008, and that various change orders and deductions were issued on the project, which resulted in an increase in the subcontract total. Spinks averred that it performed all work contemplated by the subcontract, as well as additional work "necessary to proper completion" of the project. The petition alleged that Quad States continued to pay Spinks in accordance with the applications for payment until March 20, 2009. Spinks asserted that it submitted applications for payment totaling $606,043.80 and that Quad States paid only $510,843.60 of the amount due, leaving a balance of $162,597.40, including retainage. Spinks prayed for payment on the balance owed by Quad States to Spinks, all other sums due, plus interest, attorney fees, and all costs of the proceedings.
As to the individual defendants, Dale Lancaster, James Richard Lancaster, and Kris Ainsworth, the petition made no factual assertions regarding alleged actions performed by these defendants. Instead, the petition asserted only that Dale Lancaster was the "sole manager" of Quad States and that James Richard Lancaster and Kris Ainsworth were "qualifying parties" for the company. Attached as exhibits to the petition were the following documents: (1) the June 2, 2008 subcontract agreement between Spinks and Quad States, (2) Spinks' itemized proposals dated May 6, 2008, and (3) a copy of the "Affidavit of Substantial Competition and Termination of Work" executed by the *219 owner and evidence of its filing in the public records on March 9, 2010.
All four of the defendants answered the petition, and in October of 2015, the individual defendants filed a peremptory exception raising the objection of no cause of action. In their exception, the individual defendants argued that the petition asserted a cause of action against only Quad States to recover sums owed under the subcontract agreement. Further, the exception averred that under La. R.S. 12:1320, members, managers, employees, and agents of limited liability companies are not personally liable for the debts and obligations of the company; therefore, there was no legal basis for a claim against either Dale Lancaster in his capacity as a member of Quad States, or against Kris Ainsworth in his capacity an employee. With regard to James Richard Lancaster, the defendants maintained that he was not an employee, member, or manager of the company at the time of the events at issue in the suit. At the March 21, 2016 hearing on the exception before the district court, Spinks argued that its cause of action against the individual defendants arose under La. R.S. 9:4814, which provided it a direct cause of action against the agents of a contractor for knowingly failing to apply money received on a construction contract to settle the claims of a seller of movables or laborer.[1]
In a judgment signed on May 9, 2016, the district court sustained the exception of no cause of action and dismissed with prejudice the claims against the individual defendants. In written reasons for judgment, the district court found that a cause of action under La. R.S. 9:4814 was subject to the requirements of the Louisiana Private Works Act ("LPWA"). In particular, the district court's written reasons found that the requirements for filing a claim or privilege under the LPWA under La. R.S. 9:4822, as well as the attendant one-year prescriptive period under La. R.S. 9:4823(A)(2) for filing an action to enforce a claim or privilege, were applicable to a claim brought under La. R.S 9:4814. On that basis the district court held that the suit against the individual defendants was prescribed because Spinks had not filed an action to enforce its claim within the applicable prescriptive period. Furthermore, the district court did not grant Spinks an opportunity to amend its petition under La. C.C.P. art. 934. Spinks filed a motion for new trial, which was denied by the trial court in a judgment signed on September 28, 2016. Spinks timely filed the instant devolutive appeal.[2]
*220 ISSUES ON REVIEW
Spinks assigns three errors to the district court's judgment. The first and second assignments of error relate to that portion of the district court's written reasons for judgment indicating that Spinks claims against the individual defendants were prescribed. First, Spinks contends that the district court erred in conditioning an action under La. R.S. 9:4814 upon the filing and enforcement of a lien under the LPWA, and thereby applying the one-year prescriptive period contained in La. R.S. 9:4823. Second, Spinks argues that the district court improperly supplied an objection of prescription sua sponte. In its third assignment of error, Spinks challenges the district court's ruling, sustaining the exception of no cause of action and dismissing the action against the individual defendants with prejudice without first allowing Spinks the opportunity to amend.
The reviewing court conducts a de novo review of a district court's ruling sustaining an exception of no cause of action, because the exception raises a question of law, and the lower court's decision is based only on the sufficiency of the petition. Adams v. Owens-Corning Fiberglas Corp., 2004-1296 (La. App. 1st Cir. 9/23/05), 921 So.2d 972, 976, writ denied, 2005-2501 (La. 4/17/06), 926 So.2d 514. With regard to Spinks' first and second assignments of error, we note that appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. Further, judgments are often upheld on appeal for reasons different than those assigned by the district court. Id. Because we conclude the judgment correctly sustained the exception of no cause of action filed by the individual defendants, we need not address the district court's findings regarding prescription. Thus, we decline to consider the issues raised in Spinks' first and second assignments of error, and consider only the propriety of the district court's decision to sustain the exception of no cause of action and to not allow amendment of the petition under La. C.C.P. art. 934.
LAW AND DISCUSSION
No Cause of Action
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to Spinks' right to judicially assert the action against the defendants. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La. 1993). The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Ramey v. DeCaire, 2003-1299 (La. 3/19/04), 869 So.2d 114, 118. All facts pled in the petition must be accepted as true. Rebardi v. Crewboats, Inc., 2004-0641 (La. App. 1st Cir. 2/11/05), 906 So.2d 455, 457. Further, the facts shown in any annexed documents must also be accepted as true. B & C Electric, Inc. v. East Baton Rouge Parish School Bd., 2002-1578 (La. App. 1st Cir. 5/9/03), 849 So.2d 616, 619 ; Cardinale v. Stanga, 2001-1443 (La. App. 1st Cir. 9/27/02), 835 So.2d 576, 578. Other than the documents annexed to the petition, no evidence may be introduced to support or controvert the exception raising the objection of no cause of action. See La. C.C.P. art. 931.
*221 In reviewing the petition to determine whether a cause of action has been stated, the court must, if possible, interpret it to maintain the cause of action. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Texas, 99-1728 (La. App. 1st Cir. 9/22/00), 767 So.2d 949, 952, writ denied, 2000-2887 (La. 12/8/00), 776 So.2d 1175.
The statute under consideration herein, La. R.S. 9:4814, allows for the recovery of civil penalties, in addition to the sums due, attorney fees, and costs. Statutes creating liens or privileges or providing for penalties and attorney fees must be given strict construction. Cosman v. Cabrera, 2009-0265 (La. App. 1st Cir. 10/23/09), 28 So.3d 1075, 1082, n.7 ; Craig v. Bantek West, Inc., 2004-0229 (La. App. 1st Cir. 9/17/04), 885 So.2d 1241, 1245. Further, the law recognizes that although the LPWA must be strictly construed as being in derogation of general contract law, courts should not overlook the clear legislative intent, which is to protect contractors, laborers, materialmen, and subcontractors engaged in construction and repair projects. Burdette v. Drushell, 2001-2494 (La. App. 1st Cir. 12/20/02), 837 So.2d 54, 68, writ denied, 2003-0682 (La. 5/16/03), 843 So.2d 1132.
At issue in the instant appeal is whether Spinks' petition states a cause of action against the individual defendants under La. R.S. 9:4814. Louisiana Revised Statutes 9:4814 provides as follows:
A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney fees and court costs, and for civil penalties as provided in this Section.
B. When the amount misapplied is one thousand dollars or less, the civil penalties shall be not less than two hundred fifty dollars nor more than seven hundred fifty dollars.
C. When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds.
D. A contractor, subcontractor, or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction contract payments as required in Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection B or C, as may be applicable, and the amount due to settle the claim, including reasonable attorney fees and court costs.
Relevant to the instant facts, La. R.S. 9:4814 creates a cause of action against the agent of a contractor where money is received by the agent on account of a construction contract, but the contractor's agent knowingly fails to apply the money received to settle the claims of sellers of movables or laborers. After reviewing and strictly construing the statutory language, we find that Spinks' petition fails to state a cause of action against the individual defendants under La. R.S. 9:4814 for the reasons set forth below.
*222 First, the petition fails to allege any facts, which if accepted as true, demonstrate that the three individual defendants are agents of Quad States. As to James Richard Lancaster and Kris Ainsworth, the petition alleges only their domicile, status, and that each is "a qualifying party" for Quad States. On appeal, Spinks argues that James Richard Lancaster and Kris Ainsworth are qualifying parties for Quad States for purposes of complying with the requirements of the State Licensing Board for Contractors, and as such are agents for the contractor under La. R.S. 9:4814. We disagree.
A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary or agent, to transact one or more affairs for the principal. See La. C.C. art. 2989 ; see also McLin v. Hi Ho, Inc., 2012-1702 (La. App. 1st Cir. 6/7/13), 118 So.3d 462, 467-468. A mandatary's power or authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. Boulos v. Morrison, 503 So.2d 1, 3 (La. 1987) An actual agency is a contract between the principal and agent created either expressly or by implication. AAA Tire & Export, Inc. v. Big Chief Truck Lines, Inc., 385 So.2d 426, 429 (La. App. 1st Cir.1980). Agency is created expressly by the oral or written agreements of the parties. Id. It is created by implication when, from the nature of the principal's business and the position of the agent within the business, the agent is deemed to have permission from the principal to undertake certain acts which are reasonably related and necessary concomitants of the agent's express authorization. Id.
In contrast, a "qualifying party" under La. R.S. 37:2150.1(10) is statutorily defined as "a natural person designated by the contractor to represent the contractor for the purpose of complying with the provisions of this Chapter including without limitation meeting the requirements for the initial license and/or any continuation thereof." (Emphasis added.) The above-quoted definition of "qualifying party" is located in Chapter 24 of Title 37, which establishes the State Licensing Board for Contractors and the licensing requirements associated therewith. See La. R.S. 37:2151 and 37:2156.1. Clearly, the scope of representation granted a "qualifying person" as defined in La. R.S. 37:2150.1(10) is limited to that individual's interactions with the State Licensing Board for Contractors and in connection with the issuance and maintenance of a contractor license. See also La. R.S. 37:2156.1(D)(1).
In the absence of any other factual allegations regarding James Richard Lancaster or Kris Ainsworth and Quad States, we find the petition lacks any factual allegation, which if accepted as true would establish an agency contract expressly or by implication between James Richard Lancaster or Kris Ainsworth and Quad States. Further, the petition lacks the necessary factual allegations that these defendants had express or implied authority to transact the affairs of Quad State in a manner that would give rise to a cause of action under La. R.S. 9:4814.
As to the allegations regarding Dale Lancaster, the petition alleges only that he was the "sole member" of Quad States. Spinks maintains that under La. R.S. 12:1311 and 12:1317, the allegation that Dale Lancaster is the sole member of Quad States is sufficient to plead that he is an agent of the company for purposes of La. R.S. 9:4814. According to Spinks, La. R.S. 12:1311 and 12:1317 establish "default" rules for management and agency by members, which effectively give rise to a presumption that a sole member of a *223 limited liability company is also an agent thereof. This assertion is not borne out by review of the law on this issue.
Louisiana Revised Statutes 12:1311 provides:
Except as otherwise provided in the articles of organization, the business of the limited liability company shall be managed by the members, subject to any provision in a written operating agreement restricting or enlarging the management rights and duties of any member or group or class of members. [Emphasis added]
Louisiana Revised Statutes 12:1317 states:
A. Each member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, is a mandatary of the limited liability company for all matters in the ordinary course of its business other than the alienation, lease, or encumbrance of its immovables, unless such mandate is restricted or enlarged in the articles of organization or unless such member or manager lacks the authority to act for the limited liability company and the person with whom he is dealing has knowledge of the fact that he lacks such authority.
B. Persons dealing with a member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, of the limited liability company shall be deemed to have knowledge of restrictions on the authority of such a member or manager contained in a written operating agreement if the articles of organization of the limited liability company contain a statement that such restrictions exist.
C. Persons dealing with a limited liability company may rely upon a certificate of any person named in the statement provided for in R.S. 12:1305(C)(5)[3] , or, if no such person or persons are so named, upon a certificate of one or more managers or members, to establish the
membership of any member, the authenticity of any records of the limited liability company, or the authority of any person to act on behalf of the limited liability company, including but not limited to the authority to take actions referred to in R.S. 12:1318(B). [Emphasis added.]
Review of La. R.S. 12:1311 and 12:1317 demonstrate that rather than establishing a "default rule" that a sole member of a limited liability company is an agent of the company, both statutes instead require a party dealing with a member to refer to the articles of organization and/or written operating agreement, if applicable, to determine whether the member is an agent, and if so, the scope of that agency. As such, we find the lone factual assertion in Spinks' petition that Dale Lancaster is the sole member of Quad States is insufficient to support a legal assertion that he is an agent of the company for purposes of La. R.S. 9:4814.
Second, in addition to the failure to allege agency, the petition lacks the critical *224 factual allegation that the individual defendants "received money on account of a contract for construction, erection, or repair of a building, structure, or other improvement" but "knowingly" failed to apply the money received as necessary to settle the claims of the plaintiff due for the construction or under the contract. See La. R.S. 9:4814(A) ; see also Cosman, 28 So.3d at 1082.
Based on the above findings, we find that Spinks has failed to state a cause of action against the individual defendants under La. R.S. 9:4814 and affirm the district court's ruling sustaining the exception of no cause of action; however, we find merit in Spinks' contention that the district court erred in dismissing the petition with prejudice before allowing Spinks an opportunity to amend the petition pursuant to La. C.C.P. art. 934.
Amendment of the Petition
Louisiana Civil Code of Procedure art. 934 mandates that when the grounds pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order amendment of the petition within a delay set out by the court. Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C., 2011-2254 (La. App. 1st Cir. 7/10/12), 97 So.3d 595, 600 ; Leboeuf v. Wal-Mart Stores, Inc., 2004-2260 (La. App. 1st Cir. 4/5/06), 934 So.2d 790, 796, writ denied, 2006-1070 (La. 6/23/06), 930 So.2d 987. In the instant case, where the allegations of the petition are conclusory as to the individual defendants and fail to specify the acts that establish a cause of action under La. R.S. 9:4814, there is a possibility that the grounds for the exception of no cause of action could be removed by amendment. See Id. Therefore, that portion of the district court's judgment dismissing Dale Lancaster, James Richard Lancaster, and Kris Ainsworth from the suit with prejudice must be reversed and this matter remanded to allow Spinks an opportunity to amend its petition. See La. C.C.P. art. 934 ; Charming Charlie, Inc., 97 So.3d at 600 ; and Leboeuf, 934 So.2d at 797.
CONCLUSION
For the above reasons, that portion of the district court's judgment sustaining the peremptory exception raising the objection of no cause of action as to the claims against Dale Lancaster, James Richard Lancaster, and Kris Ainsworth is affirmed. That portion of the judgment dismissing Dale Lancaster, James Richard Lancaster, and Kris Ainsworth from this suit with prejudice is reversed. Further, this matter is remanded to the district court with instructions that the court issue an order to Spinks Construction, Inc. to amend its petition, if possible, to state a cause of action against Dale Lancaster, James Richard Lancaster, and Kris Ainsworth within a reasonable time delay pursuant to La. C.C.P. art. 934, consistent with the views expressed herein. All costs of this appeal are assessed to Spinks Construction, Inc.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Spinks initially opposed the exception at the district court level arguing that the petition stated a cause of action against the individual defendants under La. R.S. 9:4814, 9:2784, and 12:1320(D). However, as noted above, by the time of the March 2016 hearing, Spinks had correctly acknowledged that it did not have a claim against the individual defendants under La. R.S. 9:2784 and 12:1320(D). First, La. R.S. 9:2784, provides only a cause of action against contractors or subcontractors, not their agents, for failure to promptly pay subcontractors, sub-subcontractors, and suppliers following receipt of payment from the owner. Therefore, it cannot provide a basis for recovery against parties alleged to be "agents" such as the individual defendants herein. Second, prior to the hearing on the exception, the Louisiana Supreme Court issued its decision in Nunez v. Pinnacle Homes, L.L.C., 2015-0087 (La. 10/14/15), 180 So.3d 285, 290, which expressly held that a licensed contractor was not a "professional" subject to the personal liability exception contained in La. R.S. 12:1320(D), which renders individual members and managers of a limited liability company liable for fraud, breach of professional duty, or other negligent and wrongful acts by such a person.

This court issued a rule to show cause order to the parties as to the timeliness of this appeal, noting that the motion for new trial appeared to be filed late, and, thus, did not extend the delay for seeking an appeal. Spinks filed a response demonstrating that the motion for new trial was timely and supplemented the record to support its position. On September 6, 2017, this court issued an order maintaining the appeal. See Spinks Construction, Inc. v. Quad States Construction, LLC, et al., 2017-0580 (La. App. 1st Cir. 9/6/17) (unpublished).

Louisiana Revised Statutes 12:1305(C)(5) provides:
The articles of organization may set forth the following:
* * * *
(5) A statement that persons dealing with the limited liability company may rely upon a certificate of one or more managers, members, or other certifying officials, whose names are included in the statement, to establish the membership of any member, the authenticity of any records of the limited liability company, or the authority of any person to act on behalf of the limited liability company, including but not limited to the authority to take the actions referred to in R.S. 12:1318(B), unless otherwise provided in the articles of organization.