KUHN, J.
| ¡¡Plaintiff, Charming Charlie, Inc. d/b/a Charming Charlie (Charming Charlie), appeals a judgment sustaining a peremptory exception raising the objection of no cause of action and dismissing its suit for breach of a commercial lease against defendant, Joseph T. Spinosa (Spinosa). For the following reasons, we affirm in part, reverse in part, and remand with instructions.

PROCEDURAL AND FACTUAL BACKGROUND

On October 21, 2009, Charming Charlie filed a petition for damages naming Perkins Rowe Associates, L.L.C. (Perkins) and Spinosa, individually, as defendants. According to the petition, Charming Charlie and Perkins, through its managing member and authorized agent, Spinosa, entered into a lease on May 4, 2009, for certain space located in the shopping center commonly known as “Perkins Rowe.” Charming Charlie further alleges that Perkins breached the lease by failing to reimburse it $682,500.00, as provided under the terms of the lease, for a construction allowance on the leased premises. Charming Charlie also seeks liquated damages and reasonable attorney fees. Additionally, Charming Charlie alleges that Spinosa is personally liable for the reimbursement and damages it seeks, because he is the alter ego of Perkins and he fraudulently induced Charming Charlie into entering the lease. In the alternative, Charming Charlie asserts it is entitled to an offset against any rental amounts it owes to Perkins in an amount equal to all monies owed by Perkins as a result of its breach of the lease.
Perkins and Spinosa filed an answer generally denying the allegations of the petition. Defendants also asserted as an affirmative defense that Perkins was unable to pay the construction allowance due to a force majeure (inability to obtain [«¡financing), which they claimed relieved Perkins of any liability for penalties or liquated damages under the terms of the lease.
In further answer to the petition, Spino-sa asserted a peremptory exception raising the objections of no cause and/or right of *597 action as to the claims made against him individually. Following a hearing, the district court sustained the exception of no cause of action and rendered judgment dismissing Spinosa from this suit. Charming Charlie now appeals, asserting in its sole assignment of error that the district court erred in concluding that its petition failed to state a cause of action against Spinosa individually.[1]

DISCUSSION

On appeal, Charming Charlie contends Spinosa is “personally liable for all sums found due and owing by Perkins as a result of his actions and/or inactions with regard to the Lease and his dealings with Charming Charlie.” It maintains that its petition states multiple causes of action against Spinosa individually based on the allegations contained therein regarding his status as the alter ego of Perkins, his personal decisions and financial knowledge when the lease was executed, and his fraudulent inducement of Charming Charlie to enter into the lease with Perkins. Therefore, it argues that the district court erred in sustaining the exception of no cause of action.
As used in the context of the peremptory exception, a “cause of action” refers to the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Scheffler v. Adams and Reese, LLP, 2006-p.7744 (La.2/22/07), 950 So.2d 641, 646. The exception is triable on the face of the pleadings[2], and for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition are accepted as true in order to determine whether the law affords a remedy on the facts alleged in the petition. Because the exception of no cause of action raises a question of law and the trial court’s decision is based solely on the sufficiency of the petition, review of the trial court’s ruling on an exception of no cause of action is de novo. The pertinent question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief. Louisiana State Bar Association v. Carr and Associates, Inc., 08-2114 (La.App. 1st Cir.5/8/09), 15 So.3d 158, 167, writ denied, 09-1627 (La.10/30/09), 21 So.3d 292.
In the instant case, Charming Charlie contends Spinosa is personally liable for *598 Perkin’s default under the lease, even though he signed the lease in his capacity as Perkins’ authorized agent and managing member, because (1) he is the alter ego of Perkins (a limited liability company) and (2) he fraudulently induced Charming Charlie to enter into the lease. Specifically, the petition contains the following pertinent allegations:
_⅛20.
Spinosa is the managing member of and has a significant ownership interest in Perkins. Upon information and belief, at all times mentioned herein, Spi-nosa, when signing the Lease, and at this time, is the alter ego of Perkins. Alternatively, as a member and manager of Perkins, all decisions of Spinosa are in reality the personal decisions of Spinosa.
21.
Upon information and belief, Spinosa entered into the Lease knowing or at least should have known that his company, Perkins, did not have the financial resources to pay the Construction Allowance provided in the Lease and fraudulently induced Charming Charlie to enter into the Lease at the terms therein.
22.
Spinosa must be held liable for all sums found due and owing by Perkins as a result of his actions and/or inactions in regards to the Lease and dealings with Charming Charlie.
23.
Charming Charlie has relied upon representations of Perkins and Spinosa and has suffered a detriment to its position as set forth herein because of said reliance.
For the following reasons, we conclude the allegations of the petition do not state a cause of action against Spinosa in his individual capacity. A Louisiana limited liability company is a separate le-
gal entity from its members. Glod v. Baker, 02-988 (La.App. 3d Cir.8/6/03), 851 So.2d 1255, 1265, writ denied, 03-2482 (La.11/26/03), 860 So.2d 1135; Metro Riverboat Associates, Inc. v. Bully’s Louisiana, Inc., 99-0983 (La.App. 4th Cir.1/24/01), 779 So.2d 122, 125, writ denied, 01-1088 (La.6/1/01), 793 So.2d 199. Further, members of a limited liability company generally may not be assessed with personal liability for the debts and obligations of their limited liability companies to third parties absent proof of fraud. See La. R.S. 12:1320; Imperial Trading Co., Inc. v. Uter, 01-0506 (La.App. 1st | fiCir.l2/20/02), 837 So.2d 663, 669, writ denied, 03-0224 (La.3/28/03), 840 So.2d 578. However, there are certain limited exceptions to the rule of non-liability of shareholders for the debts of a corporation, whereby the court may ignore the corporate fiction and hold the individual shareholders liable. Riggins v. Dixie Shoring Company, Inc., 590 So.2d 1164, 1168 (La.1991). Moreover, the same policy considerations relevant to a determination of piercing the veil of a corporation also apply to a limited liability company. Imperial Trading Co., 837 So.2d at 669 n. 7.
Louisiana courts have allowed a piercing of the corporate veil under only two exceptional circumstances, namely, where the corporation is an alter ego of the shareholders and the shareholders have used the corporation to defraud a third party (the “alter ego” doctrine) and where the shareholders have failed to conduct a business on a “corporate footing” to such an extent that the corporation ceases to be distinguishable from its shareholders. Riggins, 590 So.2d at 1168; Imperial Trading Co., 837 So.2d at 669-70. Some of the relevant factors considered in determining whether to apply the alter ego doctrine include: commingling of corporate and shareholder funds; failing to follow statutory formalities for incorporating *599 and transacting corporate affairs; under-capitalization; failing to maintain separate bank accounts and bookkeeping records; and failing to hold regular shareholder and director meetings. Riggins, 590 So.2d at 1168; Imperial Trading Co., 887 So.2d at 670.
Furthermore, Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing. Riggins, 590 So.2d at 1168; Imperial Trading Co., 887 So.2d at 670. In pleading fraud, the circumstances | ./Constituting fraud must be alleged with particularity, although knowledge may be alleged generally. La. C.C.P art. 856. There are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim’s consent to (a cause of) the contract. See La. C.C. art. 1953; Shelton v. Standard/700 Associates, 01-0587 (La.10/16/01), 798 So.2d 60, 64. Thus, fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud. Fraud cannot be predicated upon mistake or negligence, no matter how gross. Terrebonne Concrete, LLC v- CEC Enterprises, LEG, 11-0072 (La.App. 1st Cir.8/17/11), 76 So.3d 502, 509, writ denied, 11-2021 (La.11/18/11), 75 So.3d 464.
Based on our de novo review, we find that the petition does not state a cause of action against Spinosa individually. Although Charming Charlie alleges in the petition that Spinosa is Perkins’ alter ego, an examination of the specific allegations therein reveals that the allegations are merely conclusory in nature and are not based upon specific facts relevant to a determination of the alter ego doctrine. There are no allegations that Spinosa commingled Perkins’ assets with those of it members, failed to maintain separate bank accounts and bookkeeping records for Perkins, or otherwise failed to follow statutory formalities for the formation of Perkins or the conduct of its affairs. In fact, other than the fact that Spinosa is the managing member of Perkins and has a significant ownership interest therein, Charming Charlie alleges no specific facts supporting its bare assertions that Spinosa was Perkins’ alter ego and all his decisions regarding it were personal decisions. The fact that a person is the managing member of a limited liability company and/or has a | ^significant ownership interest therein does not in itself make that person liable for its debts. See La. R.S. 12:1320(B); also see Terrebonne Concrete, 76 So.3d at 508.
Further, the petition’s allegations also fail to state a cause of action for fraud inasmuch as they are very broad and con-clusory. Fraud must be plead with specificity. See La. C.C.P. art. 856. Although the petition alleges that Spinosa executed the lease on behalf of Perkins, as its authorized agent and managing member, there is no allegation that he was the individual who negotiated the terms of the lease with Charming Charlie, nor that he personally made any representations or misrepresentations to Charming Charlie. The broad, conclusory allegations of the petition were insufficient to meet the requirement of specificity required to plead a cause of action for fraud.
When stripped of its conclusory allegations, the petition contains no allegations setting forth a cause of action against Spi-nosa individually. Hence, the district court correctly sustained the exception of no cause of action as to the claims against *600 Spinosa individually, and that portion of the district court judgment will be affirmed.
However, La. C.C.P. art. 934[3] mandates that when the grounds pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order amendment of the petition within a delay set out by the court. Leboeuf v. Wal-Mart Stores, Inc., 04-2260 (La.App. 1st Cir.4/5/06), 934 So.2d 790, 796, writ denied, 06-1070 (La.6/23/06), 930 So.2d 987. In the instant case, where the allegations of the petition are conclusory and fail to specify the acts that establish a cause of action against Spinosa, there is |0a possibility that the grounds for the exception of no cause of action could be removed by amendment. Therefore, that portion of the district court judgment dismissing Spi-nosa from the suit must be reversed and this matter remanded to allow Charming Charlie an opportunity to amend its petition. See La. C.C.P. art. 934; Leboeuf, 934 So.2d at 797.

CONCLUSION

For the above reasons, that portion of the district court judgment sustaining the peremptory exception raising the objection of no cause of action as to the claims against Joseph T. Spinosa is affirmed. That portion of the judgment dismissing Joseph T. Spinosa from this suit is reversed. Further, this matter is remanded to the district court with instructions that the court issue an order to Charming Charlie, Inc. to amend its petition, if possible, to state a cause of action against Spi-nosa, individually, within a reasonable time delay pursuant to La. C.C.P. art. 934, con-
sistent with the views expressed herein. All costs of this appeal are assessed to Charming Charlie, Inc.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

. Charming Charlie originally sought review of the district court's judgment by filing a writ application with this Court. This Court granted the application for the limited purpose of remanding this case to the district court to grant Charming Charlie an appeal from this final appealable judgment in accordance with In Re Howard, 541 So.2d 195 (La.1989) (per curiam). See Charming Charlie, Inc. d/b/a Charming Charlie v. Perkins Rowe Associates, L.L.C. and Joseph T. Spinosa, 11-1382 (La.App. 1st Cir.9/12/11) (unpublished).

. In the instant case, Spinosa attached an affidavit and other exhibits to his memorandum in support of his peremptory exception. In brief, Charming Charlie asserts that the district court should not have considered these exhibits in determining the merits of the exception. Generally, no evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. However, Louisiana jurisprudence recognizes an exception to this rule, whereby evidence admitted without objection may be considered by the court as enlarging the pleadings. Johansen v. Louisiana High School Athletic Association, 04-0937 (La.App. 1st Cir.6/29/05), 916 So.2d 1081, 1086. Nevertheless, this jurisprudential exception is not applicable in this case, because the exhibits were not “admitted” into evidence and, in any event, Charming Charlie objected in its opposition memorandum to any consideration of the exhibits. Furthermore, there is no indication the district court considered the exhibits in reaching its decision. Nor will this Court consider the exhibits in our de novo review of the petition.

. Louisiana Code of Civil Procedure article 934 provides, in pertinent part, that "[wjhen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.”