STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1086

DONALD HODGE, JR., ET UX.

VERSUS

STRONG BUILT INTERNATIONAL, LLC, ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2013-367
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, John E. Conery, and David Kent Savoie, Judges.


AFFIRMED.


Mickey S. deLaup
Valerie E. Fontenot
deLaup & Enright
2701 Metairie Road
Metairie, LA   70001
(504) 828-2277
COUNSEL FOR DEFENDANT/APPELLEE:
    Liberty Surplus Insurance Corporation

Wade N. Kelly
Law Office of Christian Chesson
One Lakeshore Drive, Suite 1800
Lake Charles, LA   70629
(337) 436-5297
COUNSEL FOR DEFENDANT/APPELLEE:
     Strong Built International, LLC

Michael H. Schwartzberg
Vamvoras, Schwartzberg & Associates, LLC
1111 Ryan Street
Lake Charles, LA   70601
(337) 433-1621
COUNSEL FOR DEFENDANT/APPELLEE:
     Ken Killen

Donald Carl Hodge, Jr.
224 Ocean Drive, #202
Baton Rouge, LA   70806
(337) 794-8873
COUNSEL FOR PLAINTIFFS/APPELLANTS:
     Rachel Hodge
     Donald Hodge, Jr.

**AMY, Judge.**

According to the plaintiffs, their father died from injuries he sustained when the straps on his ladder-style deer stand failed and the deer stand fell. The plaintiffs filed suit against various entities, including the limited liability company that it contended manufactured the deer stand and the sole member/manager of the LLC. The member/manager filed a motion for summary judgment, asserting that the deer stand at issue was not one manufactured by his former LLC and that, even assuming that it was, he had no individual liability to the plaintiffs. The trial court granted the motion for summary judgment, and dismissed the plaintiffs' claims against the member/manager. The plaintiffs appeal. For the following reasons, we affirm.

### Factual and Procedural Background

The plaintiffs, Donald C. Hodge, Jr. and Rachel Hodge, contend that their father, Donald C. Hodge, Sr., was hunting in a ladder-style deer stand when the straps on the stand failed, causing the deer stand and Mr. Hodge, Sr. to fall to the ground. The plaintiffs assert that Mr. Hodge, Sr. died as a result of injuries he sustained in the fall. The plaintiffs filed suit against Strong Built International, L.L.C., Ken Killen, TN International, Inc., Liberty Surplus Insurance Corporation, and BlueGrass Outdoor Investments, L.L.C.,[1] seeking damages pursuant to the

---

[1] The identities of the corporations involved in this litigation bear explication. The plaintiffs filed suit against Strongbuilt International, LLC "successor in interest to Strong Built, Inc.;" Ken Killen; TN International, Inc.; Liberty Surplus Insurance Corporation; and BlueGrass Outdoor Investments, LLC. We note that there are various spellings of these corporations in the record.

According to Mr. Killen, Strong Built, Inc. was a corporation that manufactured and distributed deer stands. Mr. Killen asserts that Strong Built, Inc. had several shareholders, including Mr. Killen. Strong Built, Inc. went bankrupt in 2003 and its assets were transferred to Strong Built International, L.L.C., a Louisiana limited liability company of which Mr. Killen was the sole member/manager. Strong Built International filed for bankruptcy in 2009. Mr. Killen

Louisiana Products Liability Act.

Mr. Killen filed a motion for summary judgment, contending therein a) that the deer stand at issue was not one that was manufactured by Strong Built International and b) that, as a member/manager of the LLC, he was not a proper party defendant to this litigation. After a hearing, the trial court granted Mr. Killen's motion for summary judgment and dismissed the plaintiffs' claims against him.

The plaintiffs appeal, asserting that the trial court "erred in granting the Motion for Summary Judgment when Ken Killen was personally liable as a manufacturer of the deer stand."

## Discussion

*Summary Judgment*

The motion for summary judgment is governed by La.Code Civ.P. art. 966. Pursuant to that article, motions for summary judgment are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). "[J]udgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and

---

states that TN International, a Taiwanese corporation, purchased the "StrongBuilt" tradename in the bankruptcy.

The record indicates that Liberty Surplus was Strong Built International's insurer at one time. According to the record, Liberty Surplus was dismissed from the suit by the plaintiffs. Additionally, the plaintiffs assert that BlueGrass Outdoor is the successor in interest to Strong Built International.

that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Further, pursuant to La.Code Civ.P. art. 966(C)(2),

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The appellate court reviews motions for summary judgment de novo, using the same criteria as the trial court in determining whether summary judgment is appropriate—whether there is a genuine issue of material fact and whether the moving party is entitled to summary judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

*Personal Liability of Mr. Killen*

The primary issue in this matter is whether Mr. Killen may be held individually liable for damages resulting from the allegedly defective deer stand manufactured by Strong Built International. Mr. Killen asserts that Strong Built International is a Louisiana limited liability company and that, as a member/manager of that company, he is shielded from individual liability pursuant to La.R.S. 12:1320. The plaintiffs argue both that Strong Built International is Mr. Killen's "alter ego" and that the exceptions to liability enumerated in La.R.S. 12:1320(D) are applicable in this case. Thus, the plaintiffs assert that the court should "pierce the corporate veil" and find that Mr. Killen is personally liable for their damages.

A limited liability company is a business entity separate from its members and its members' liability is governed solely and exclusively by the law of limited liability companies. *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888 (citing La.R.S. 12:1320). "The fact that a person is the managing member of a limited liability company and/or has a significant ownership interest therein does not in itself make that person liable for its debts." *Charming Charlie, Inc. v. Perkins Rowe Assoc., L.L.C.*, 11-2254, pp. 7-8 (La.App. 1 Cir. 7/10/12), 97 So.3d 595, 599.

With regard to the jurisprudential doctrine of "piercing the corporate veil," Louisiana courts have generally allowed this remedy when one of two exceptional circumstances exists—when the company is the "alter ego" of the members and has been used to defraud third parties, or when the members have failed to conduct business on a "corporate footing" such that it is not possible to distinguish the corporation from its managers. *Charming Charlie*, 97 So.3d 595. The doctrine of piercing the corporate veil is applicable to limited liability companies as well as corporations. *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 09-662, 09-859 (La.App. 4 Cir. 2/10/10), 32 So.3d 931, *writ denied*, 10-530 (La. 5/7/10), 34 So.3d 862. In determining whether a company is its members' "alter ego," the court should consider such factors as commingling of corporate and member funds; failing to follow statutory formalities in incorporating and transacting corporate affairs; undercapitalization; failing to maintain separate bank accounts and bookkeeping records; and failing to hold regular shareholder and director meetings. *Charming Charlie*, 97 So.3d 595; *see also Hector v. Mo-Dad Envtl. Serv., LLC*, 13-1184 (La.App. 3 Cir. 3/5/14), 134 So.3d 133. However, if the claimants are not alleging fraud on the part of the shareholders/members, "they bear a heavy burden

4

of proving that the shareholders disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves." *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La.1991).

The plaintiffs complain that Mr. Killen has offered no evidence that Strong Built International followed statutory formalities, maintained separate bank accounts and bookkeeping, held regular shareholder and director meetings, or kept corporate and member funds separate. They also point to "discrepancies" between Mr. Killen's affidavit and the Strong Built International bankruptcy filing contained in the record. Further, the plaintiffs assert that Strong Built International's bankruptcy filing is evidence that Strong Built International was undercapitalized.

However, Mr. Killen has asserted the existence of the limited liability company and, in this case, the burden of showing that that corporate entity should be disregarded lies on the plaintiffs, not Mr. Killen. *See* La.Code Civ.P. art. 966(C)(2); *Riggins*, 590 So.2d 1164. Thus, as an initial matter, it was not Mr. Killen's responsibility to produce evidence showing that the corporate formalities were scrupulously followed. Further, the record before us reveals no meaningful discrepancies between Mr. Killen's affidavit and the Strong Built International bankruptcy filings. The plaintiffs' assertion conflates Strong Built, Inc., a corporation that had several shareholders, including Mr. Killen, and Strong Built International, L.L.C., a limited liability company of which Mr. Killen was the sole member/manager and which obtained Strong Built, Inc.'s assets after Strong Built, Inc. filed for bankruptcy in 2003. Accordingly, we conclude that the record does not support the plaintiffs' request to pierce the corporate veil.

5

We next address the plaintiffs' contention that the limitations on liability contained in La.R.S. 12:1320 should be disregarded. An LLC member or manager's liability to third parties is delineated in La.R.S. 12:1320, which states:

A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.

B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

Thus, although La.R.S. 12:1320 protects a member or manager from personal liability for the LLC's debts, obligations, and liabilities, that protection is not unlimited. Pursuant to La.R.S. 12:1320(D), a member or manager may be subjected to personal liability for claims involving fraud, breach of a professional duty, or other negligent or wrongful act. The supreme court addressed the application of La.R.S. 12:1320(D) in *Ogea*.

We do not discuss the fraud exception in detail as it is not at issue in this case. With regard to the "professional duty" exception, the supreme court in *Ogea*, 130 So.3d 888, noted both that the term "professional" had a technical meaning at the time the limited liability company statutes were enacted and that there are

6

several legislatively-recognized professions, *e.g.*, professional accounting corporations. *Ogea*, 130 So.3d 888. Although the supreme court declined to reach the question of whether a contractor's license elevated the defendant to a "professional" status as contemplated by the legislature in enacting the LLC statutes, the supreme court rejected the plaintiff's "breach of professional duty" argument on the basis that the plaintiff in that case introduced no evidence that the individual defendant was a member of one of these legislatively-recognized professions. *Id.*[2] Our review of the record in this case reveals that in his affidavit Mr. Killen asserted that he is "not an engineer, nor a licensed professional in any profession in Louisiana or any other state." Mr. Killen also asserts that he:

> [W]as a participant in the creation of the deer stand which Strong Built, Inc. and Strong Built International, L.L.C. manufactured and sold, but [he] never personally dictated or participated in the design, selection of materials used in the manufacture, or the manufacture of, or the selection of any warnings to any deer stand for the use or consumption by any consumer beyond my input and work as a manager, corporate officer, and member of Strong Built, Inc. and Strong Built International, L.L.C.

The plaintiffs offered no evidence to contradict Mr. Killen's affidavit in this regard. Accordingly, we find no basis for Mr. Killen's personal liability under the "breach of professional duty" exception to La.R.S. 12:1320(D).

Neither do we find sufficient evidence in the record to create a genuine issue of material fact with regard to the "other negligent or wrongful act" exception to La.R.S. 12:1320(D). In *Ogea*, the supreme court enumerated four factors to consider in determining whether the "other negligent or wrongful act" exception applies. Those factors are:

---

[2] Having reached that conclusion, the supreme court also observed that "[w]e do not suggest that mere licensure results in one being considered a professional; but it may be one factor to consider." *Ogea*, 130 So.3d at 899.

1) whether a member's conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member's capacity as a member.

*Ogea*, 130 So.3d at 900-901. In determining whether the general rule of limited liability does not apply because of the exception for a member or manager's "negligent or wrongful act," the court must apply each of these four factors and evaluate each situation on a case-by-case basis. *Id.*

We observe that the criminal conduct and contract factors are not at issue in this case. With regard to the tort factor, the member (or manager) must have a duty of care to the plaintiff. *Ogea*, 130 So.3d 888. We note that the existence of a duty is a question of law. *Id.* Under the specific facts of *Ogea*, the supreme court found that that duty must be "something more" than the duties arising out of the LLC's contract with the plaintiff and that to find otherwise would negate the general rule of limited liability established by La.R.S. 12:1320. *Id.*

Further, the "outside the member's capacity as a member" factor refers "to acts that are either done outside one's capacity as a member, manager, employee, or agent of a limited liability company or which while done in one's capacity as a member, manager, employee, or agent of a limited liability company also violate some personal duty owed by the individual to the injured party." *Ogea*, 130 So.3d at 904 (quoting *Petch v. Humble*, 41,301 (La.App. 2 Cir. 8/23/06), 939 So.2d 499, *writ denied*, 06-2482 (La. 11/15/06), 945 So.2d 692). The supreme court provides the examples of situations in which a member personally becomes a mandatary for the claimant, or where the member fails to disclose that he is acting on behalf of an LLC in his dealings with third parties. *Id.*

Here, although Mr. Killen bears the initial burden of proof on this motion for summary judgment, the plaintiffs are the parties that will bear the burden of proof at trial. Mr. Killen has submitted into evidence an affidavit stating that he was a member and manager of Strong Built International, the company that allegedly manufactured the deer stand at issue herein. Mr. Killen also submitted documents from the Louisiana Secretary of State indicating that Strong Built International was a Louisiana limited liability company and that he was a member or manager of that LLC. Thus, Mr. Killen has pointed out that the products liability claims asserted by the plaintiffs are attributable to the limited liability company of which he was a member/manager. "Accordingly, the mere fact that the individual defendants moved for summary judgment on the issue of their personal liability in light of the limitations of liability applicable to members of a limited liability company brought the absence of any specific allegations or evidence of their individual negligence into question." *Petch*, 939 So.2d at 505. Further, Mr. Killen asserts in his affidavit that

> I was a manager and one of several shareholders [of Strong Built, Inc.], and while some of the ideas for the design and choice of materials for the original models of the deer stands were in part mine, I did not personally participate in the implementation of the design or manufacturing specifics, or the day to day, assembly, manufacturing, testing, and shipping of the deer stands. I was not delegated the general responsibility to Strong Built, Inc., or its successor, Strong Built International, L.L.C., of formulating the design or supervising the manufacture of the deer stands. Those duties were assigned to other employees of the company, and when the manufacturing was sent overseas, the contracting company in China which carried out the manufacturing process.
>
> . . . .
>
> I never personally dictated or participated in the design, selection of materials used in the manufacture, or the manufacture of, or the selection of any warnings to any deer stand for the use or consumption by any consumer beyond my input and work as a manager, corporate

9

officer, and member of Strong Built, Inc. and Strong Built International, L.L.C.

Our review of the record reveals that the plaintiffs have failed to rebut Mr. Killen's affidavit with evidence sufficient to show that they could meet their burden of proof at trial. The plaintiffs contend that Mr. Killen acted negligently in personally manufacturing and designing the deer stands. However, Mr. Killen states in his affidavit that not only was he not personally responsible for the design and manufacture of the deer stands while involved with Strong Built International and its predecessor, Strong Built, Inc., but that any involvement that he may have had was in his capacity as a member and manager. The plaintiffs have submitted nothing to show that Mr. Killen's actions are "something more" than his duties as a member/manager of the LLC. *See Ogea*, 130 So.3d 888. With regard to the "outside the member's capacity as a member" factor, there is nothing in the record to suggest that Mr. Killen undertook additional duties to the plaintiffs or that he failed to disclose that he was working on behalf of the LLC.

Thus, we find nothing that would suggest that the limitations of liability delineated in La.R.S. 12:1320 would not apply to Mr. Killen. Accordingly, we find no error in the trial court's grant of Mr. Killen's motion for summary judgment.[3]

This assignment of error is without merit.

---

[3] The plaintiffs advance several arguments addressing the other basis for Mr. Killen's motion for summary judgment—that the allegedly defective deer stand is not one which was manufactured by Strong Built International. Having determined that Mr. Killen is entitled to summary judgment on limitation of liability grounds, we do not address this issue.

**DECREE**

For the foregoing reasons, the trial court's judgment granting Mr. Killen's motion for summary judgment is affirmed. Costs of this matter are assessed to the plaintiffs, Donald C. Hodge, Jr. and Rachel Hodge.

**AFFIRMED.**